PAN AMERICAN WORLD AIRWAYS,
INC., Plaintiff,

v.

Thomas Paul COMER, Defendant.

In re Thomas Paul COMER, Bankrupt.

Civ. A. No. 80–2915.
Bankruptcy No. 79–00197.

United States Bankruptcy Court,
District of Columbia.

May 18, 1981.

Stanley M. Salus, Washington, D. C., trustee in bankruptcy.

Richard H. Gins, Washington, D. C., for bankrupt.

Richard W. Lawlor, Silver Spring, Md. and Oliner & Oliner, New York City, for Pan American World Airways.

MEMORANDUM OPINION

ROGER M. WHELAN, Bankruptcy Judge.

(Bankruptcy Court's Supplementation of Record in Response to Remand to Bankruptcy Court)

On February 26, 1981, the United States District Court, United States District Judge Thomas J. Flannery, remanded for supplementation of the record that part of an appeal taken by Pan American World Airways, Inc., from a prior order of this court dated October 2, 1979 which order disallowed and expunged the general unsecured claim of Pan American World Airways, Inc. (Claim 11).[1]

On August 25, 1980, the duly appointed and acting trustee in bankruptcy, Stanley Salus, Esq., filed a motion to expunge the claim of Pan American World Airways, Inc., (Claim 11) on the grounds that the liability in issue was that of a corporate entity known as Welcome-Aboard Vacation Center, Inc., a District of Columbia corporation, and was accordingly not a personal liability of the individual bankrupt herein, Thomas Comer. The proof of claim filed by the creditor stated that the consideration for the debt was:

"The bankrupt, as an officer of Welcome-Aboard Vacation Center, Inc., a travel agency, together with Robert J. Folliard, Jr., another officer of said corporation, converted monies received by said travel agency as trust funds from the sale of flight tickets belonging to the claimant, and bankrupt misappropriated said funds for purposes other than said trust."

No documentation, however, was ever attached to the original proof of claim, but on September 26, 1980, the creditor filed a cross motion "to reinstate complaint to determine dischargeability of claim, and opposition to the trustee's motion to expunge

---

1. In addition to the order expunging the claim of the aforesaid claimant, the original notice of appeal filed by Pan American on October 4, 1980, also set forth as a basis for the appeal that "it was an abuse of discretion by the bankruptcy judge not to reinstate the complaint in the adversary proceeding commenced

by Pan American World Airways, Inc., to determine the dischargeability of its claim so that the issues may be determined on the merits." This order dated October 1, 1980, was sustained on appeal (See memorandum of U. S. District Court dated February 24, 1981) and is not before the Court under the remand order.

claim." Attached as exhibits to the creditor's motion were the following:

Exhibit A—an invoice in the amount of $46,139.35

directed solely to "Welcome-Aboard Vacation Center", together with

(a) agency debit memo and two reversal slips, all of which were directed to the aforesaid corporate entity only.

Exhibit B—Air traffic conference sale agency

agreement, dated May 1, 1976, which agreement was signed by Thomas P. Comer as "president" of Welcome-Aboard Vacation Center.

At the time of the scheduled hearing,[2] creditor's counsel, Gary G. Everngam, Esq., presented no further documentary or testimonial evidence in support of the creditor's position and the court accordingly ruled that there was insufficient evidence of record to support a finding of personal liability on the part of the individual bankrupt, Thomas Comer.

A review of the sound transcript[3] indicates that creditor's counsel was primarily concerned with the reinstatement of a prior filed complaint to determine dischargeability, and frankly admitted to the court in response to this matter that "... I believe that is the merits of the complaint to determine dischargeability ..." and I am "candidly not prepared to go forward at this point." While there were two separate and distinct matters pending before the Court (namely, the motion to reinstate complaint to determine dischargeability of claim. and the trustee's motion to expunge claim), there was no motion ever made for a continuance on the trustee's motion to expunge and the court, at the time of the scheduled hearing, stated to counsel that it was prepared to rule on the basis of the evidence presented in connection with the subject hearing.

The evidence which was submitted by the creditor at the time of the scheduled hearing, and as set forth above on page 2 of this Memorandum Opinion, established a *prima facie* liability within the meaning of Bankruptcy Rule 301(b) on the part of Welcome-Aboard Vacation Center, Inc., a District of Columbia corporate entity. There was, however, no evidence of record to establish the personal liability of Thomas Comer either by way of personal guarantee, fraud, or otherwise. The underlying contractual agreement (see Exhibit B) entered into between Pan American World Airways, Inc., and Welcome-Aboard Vacation Center, Inc., reflects a debt solely for that of the corporate entity. Furthermore, a certificate from the office of the Recorder of Deeds (dated September 16, 1980, and filed stamped in this Court on October 1, 1980) introduced in evidence by the trustee in bankruptcy at the time of this hearing,

---

2. The creditor in its statement of issues to be presented on appeal, filed on November 3, 1980, claimed that:

"a. The Bankruptcy Judge was required to set an evidentiary hearing on the Trustee's motion to expunge the claim; ...".

The notice directed to Pan American World Airways, Inc., on September 16, 1980, was specific notice that such an evidentiary hearing was to take place with reference to the trustee's motion to expunge. A hearing on an objection to the allowance of a claim is clearly a contested matter and requires a minimum of 10-days' notice of the scheduled hearing. [See Bankruptcy Rule 306(c)] In addition, Bankruptcy Rule 914 further provides that:

"In a contested matter in a bankruptcy case not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."

Accordingly, there was, before this Court, a full evidentiary hearing on the trustee's motion. At that time evidence was introduced by the trustee in bankruptcy (a certificate of eligibility from the Recorder of Deeds, Corporate Division) together with the documentary evidence filed by the creditor in connection with its cross motion.

3. Because this proceeding was conducted under the provisions of the old Bankruptcy Act, the case having been filed prior to October 1, 1979, the only record of this hearing is the sound tape recorded by the deputy clerk of this Court. [See Bankruptcy Rule 511.] No written transcript or record was ever requested or made in connection with the subject hearing, but for purposes of this remand, this court personally played back the sound transcript of the subject proceeding.

establishes that the certificate of incorporation for the aforesaid corporate entity was not revoked until September 8, 1980, a date subsequent to the filing of the petition in bankruptcy.

The primary argument advanced, by the creditor in its cross motion, was that ". . . the defalcation of such trust fund imposes a *personal* liability upon the corporate officer who participated therein." (Cross Motion of Pan American Airways, Inc. to Reinstate Complaint to Determine Dischargeability of Claim, and Opposition to the Trustee's Motion to Expunge Claim at Section 1(c) filed September 26, 1980.) It was not necessary for this Court to address itself to the merits of such contention in view of the fact that no evidence was ever received at the time of the scheduled hearing in order to support such allegations of fraud and defalcation.[4] It is apparent to this Court after a careful review of the sound transcript of the hearing that creditor's counsel was reserving its rights to introduce such evidence at the time of a hearing on the complaint to determine dischargeability of debt. Whatever may have been counsel's intention in this connection, it is clear to the court that no evidence was introduced at the time of the special hearing on the trustee's motion to expunge the claim.

In accordance with the remand order dated February 24, 1981, this Court concludes and sets forth that the basis for the entry of this Court's order on October 2, 1980,

---

expunging the claim of Pan American World Airways, Inc., was based on the fact that during the scheduled evidentiary hearing conducted by this Court on October 1, 1980, insufficient evidence was adduced by the creditor upon which to predicate individual liability on the part of Thomas Comer.

---

4. With respect to the legal issues advanced by the creditor to the effect that a defalcation of a trust fund imposes a personal liability upon the corporate officer who participates therein, the basis for such liability, within the purview of Section 17(a)(4) of the Bankruptcy Act, 11 U.S.C. § 35(a)(4), is far from clear. In the cited case of *In re Whitlock*, 449 F.Supp. 1383 (W.D. Mo.1978), which is cited by the creditor in its cross motion, the District Court held that:

> "The 'fiduciary' exception to the discharge provisions of the Bankruptcy Act have consistently been construed as referring only to express and technical trusts."

*Id.* at 1386.

With specific reference to the facts of that case, the District Court was careful to note that the agreement "specifically provided that all premiums collected by Comet on behalf of Transamerica were held in trust and that the agent's privilege of retaining its commission

---

did not alter this fiduciary relationship." *Id.* at 1390. Moreover, the Court pointed out that the law of the state expressly provided and created a fiduciary capacity for all insurance agents who collected premiums on behalf of an insurance company. Such a factual distinction is important in view of the cited law [Section 17(a)(4)] which concerns technical or express trusts only. Under the facts presented to the court, in the context of this case, there is a serious question whether or not the agreement in question creates an express fiduciary relationship between the parties within the meaning of Section 17(a)(4). While the terms "shall be held in trust by the agent" is somewhat akin to a trust relationship, the context in which the words are employed seems to indicate more of a contractual rather than a trust relationship. (See *In re Thornton*, 544 F.2d 1005 (9th Cir. 1976); 1A Collier on Bankruptcy, 17.24[4] at 1708–1711 (14th ed. 1979).